# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 24, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| DANIEL C. STRATTON, | * | |
| | * | |
| Petitioner, | * | No. 18-1290V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ramon Rodriguez, III*, Sands Anderson PC, Richmond, VA, for Petitioner.
*Kimberly S. Davey*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On August 24, 2018, Daniel Stratton ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] alleging that he suffered a shoulder injury related to vaccine administration as a result of the influenza vaccination he received on August 27, 2015. Pet. at 1. A fact hearing was held on August 5, 2020. On April 6, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 57)

On September 27, 2021, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 63). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $91,904.38, representing $88,875.20 in attorneys' fees and $3,029.18 in attorneys' costs. Fees App. at 13. Pursuant to General Order No. 9, Petitioner states that he has personally incurred costs

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

of $19.29 related to this litigation. Respondent responded to the motion on October 7, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 65). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**a.   Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for his attorney, Mr. Ramon Rodriguez, III: $375.00 per hour for work performed in 2016, $383.00 per hour for work performed in 2017, $394.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, and $444.00 per hour for work performed in 2021. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case.

**b.   Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are

"excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds a reduction to the hours billed necessary. Counsel's billing entries provide ample detail to allow the undersigned to assess their reasonableness, and most are reasonable. However, it appears that counsel billed his full hourly rate for time spent traveling to and from the fact hearing, and for meetings with petitioner. Fees App. Ex. 7 at 15. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).

In the instant case, there is no indication that case work was being performed during this travel time. Therefore, the undersigned will compensate the hours billed for travel (26.6) at half of counsel's regular hourly rate. This results in a reduction of $5,612.60. Petitioner is therefore awarded final attorneys' fees of $83,262.60.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,029.18 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and costs associated with the fact hearing. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner has provided adequate documentation supporting the request.

### d. Petitioner's Costs

Pursuant to General Order No. 9, petitioner has indicated he has personally incurred costs totaling $19.29 in pursuit of his claim. This amount is comprised of acquiring medical records and postage. Petitioner has provided adequate documentation supporting these costs and they are reasonable. Petitioner is therefore awarded the full amount of costs requested.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $88,875.20 |
|---|---|

3

| | |
|---|---|
| (Reduction to Fees) | - ($5,612.60) |
| **Total Attorneys' Fees Awarded** | **$83,262.60** |
| | |
| Attorneys' Costs Requested | $3,029.18 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,029.18** |
| | |
| **Total Attorneys' Fees and Costs** | **$86,291.78** |
| | |
| **Petitioner's Costs** | **$19.29** |
| | |
| **Total Amount Awarded** | **$86,311.07** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $86,291.78, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Ramon Rodriguez, III; and**

2) **a lump sum in the amount of $19.29, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).